# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 20, 2026
Lyle W. Cayce
Clerk

No. 24-10755

Juanita Ramirez, *Personally and as the Personal Representative of* the Estate of Estevan Ramirez,

*Plaintiff—Appellant*,

versus

Jonathan Granado,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-930

ON PETITION FOR REHEARING EN BANC

Before Dennis, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:

  Treating the petition for rehearing en banc as a petition for panel rehearing (5th Cir. R.40 I.O.P.), the petition for panel rehearing is DENIED. The petition for rehearing en banc is DENIED because, at the request of one of its members, the court was polled, and a majority did not vote in favor of rehearing (Fed. R. App. P.40 and 5th Cir. R.40).

In the en banc poll, eight judges voted in favor of rehearing (JUDGES JONES, SMITH, RICHMAN, HO, DUNCAN, ENGELHARDT, OLDHAM, and WILSON), and nine voted against rehearing (CHIEF JUDGE ELROD, and JUDGES STEWART, SOUTHWICK, HAYNES, GRAVES, HIGGINSON, WILLETT, DOUGLAS, and RAMIREZ).

JAMES C. HO, *Circuit Judge*, joined by JONES and SMITH, *Circuit Judges*, dissenting from the denial of rehearing en banc:

The Fourth Amendment does not prohibit the use of force—it prohibits only the unreasonably excessive use of force. I voted for rehearing en banc because I'm troubled by the decision to put police officers on trial for using reasonable force in a good faith effort to keep innocent people safe.

Instability remains the state of the law in our circuit when it comes to excessive force. This instability is not just regrettable as a matter of law—it's dangerous for the police officers and civilians of our circuit. "I fear that officers in our circuit will stop taking on these difficult and dangerous duties, if they have to worry about which panel of our court they will draw in the event tragedy strikes. I fear that officers will decline to put their careers and families on the line because they're unable to predict the outcome of our en banc votes. I fear that officers will choose to stand by and watch, rather than to protect and to serve, if the rules of engagement are unclear and unknowable." *Ramirez v. Guadarrama*, 2 F.4th 506, 511 (5th Cir. 2021) (Ho, J., concurring in the denial of rehearing en banc).

ANDREW S. OLDHAM, *Circuit Judge*, joined by JONES, SMITH, DUNCAN, and ENGELHARDT, *Circuit Judges*, dissenting:

Our court apparently determined that this qualified-immunity appeal is too fact-bound to warrant en banc rehearing. If qualified immunity must be denied when a man jumps out of a car holding a gun after a high-speed chase and a drive-by shooting, query how qualified immunity ever could be granted. I respectfully dissent.

